CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2020

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY BATES, ) | |
| ) | Civil Action No. 7:19CV00309 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| WARDEN BRECKON, ) | Senior United States District Judge |
| ) | |
| Respondent. ) | |

Petitioner Rodney Bates, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Bates challenges the validity of a federal sentence imposed by the United States District Court for the Eastern District of Tennessee. The petition is presently before the court on the respondent's motion to dismiss. For the reasons that follow, the court will grant the respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

## Background

Court records from the Eastern District of Tennessee indicate that on June 13, 2006, a grand jury returned an indictment against Bates and eleven co-defendants. See Indictment, United States v. Baker, No. 1:06-CR-00069 (E.D. Tenn. June 13, 2006). Count One of the indictment charged Bates with conspiring to distribute five kilograms or more of cocaine hydrochloride, fifty grams or more of cocaine base, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Counts Two, Three, and Four charged Bates with distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On October 1, 2008, a jury found Bates guilty of all four counts.

Bates appeared for sentencing on January 22, 2009. At that time, Bates was found to qualify as a career offender under the advisory United States Sentencing Guidelines ("U.S.S.G."). The career-offender designation was based on two prior felony convictions: (1) a 1986 Tennessee conviction for armed robbery; and (2) a 1990 federal conviction for distribution of crack cocaine within 100 feet of a protected area. "The district court—over Bates's objections—sentenced him to an aggregate 420-month term of imprisonment, a sentence within the applicable career-offender guideline." United States v. Bates, No. 09-5155, 2012 U.S. App. LEXIS 27340, at *2 (6th Cir. June 14, 2012). The district court also imposed a $400 special assessment.

Bates timely appealed his sentence, arguing, among other things, that the district court imposed an unreasonable term of imprisonment. On June 14, 2012, the United States Court of Appeals for the Sixth Circuit rejected each of Bates' arguments and affirmed the district court's judgment. Id. at *2–9.

On September 16, 2013, Bates filed a pro se motion under 28 U.S.C. § 2255, asserting that his trial and appellate counsel provided ineffective assistance, and that he was unlawfully subjected to enhanced statutory penalties as a result of a prior felony drug conviction. The Tennessee district court denied the § 2255 motion on June 10, 2016.

On June 30, 2016, Bates moved for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under § 2255. Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), as unconstitutionally vague, Bates argued that he was entitled to relief from his designation as a

career offender under the Sentencing Guidelines, which, at the time of Bates' sentencing, contained an identical residual clause. See U.S.S.G. § 4B1.2(a)(2) (2009) (defining a "crime of violence," for purposes of U.S.S.G. § 4B1.1, to include any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Sixth Circuit denied Bates' motion, explaining as follows:

> . . . Bates was classified as a career offender based upon the following prior felony convictions: (1) a 1986 Tennessee conviction for armed robbery; and (2) a 1990 federal conviction for distribution of crack cocaine within 100 feet of a protected area. Because the 1990 conviction constitutes a serious drug offense, it was properly considered as a predicate offense without reference to § 4B1.2(a)(2)'s residual clause. Furthermore, we have held that Tennessee robbery convictions, under either the current robbery statute or the prior version of the statute, qualified as violent felonies under the ACCA's use-of-force clause. It follows that the aggravated robbery statute, Tenn. Code Ann. § 39-13-402, also constitutes a "violent felony" under the ACCA's use-of-force clause. Thus, even if Johnson applies to Bates's case, Bates still has two qualifying predicate convictions.

In re Bates, No. 16-6049, order at 2 (6th Cir. Oct. 11, 2016) (internal citations omitted).

On April 15, 2019, Bates filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] In his petition, Bates argues that he should no longer be considered a career offender after Johnson and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).[2] Bates also argues that the Tennessee district court erred in imposing a special assessment of $400.00.

---

[1] Bates is incarcerated at United States Penitentiary Lee, which is located in this district. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) ("A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined.").

[2] In Dimaya, the Supreme Court relied on Johnson to hold that the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague. 138 S. Ct. at 1223.

3

## Discussion

Generally, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if § 2255 is "'inadequate or ineffective to test the legality of [his] detention.'" In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–26 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal sentence. Id.

In Wheeler, the United States Court of Appeals for the Fourth Circuit outlined when the savings clause may be used to challenge an allegedly unlawful sentence. Id. at 428–29. Specifically, the Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). For the following reasons, the court concludes that neither of Bates' claims satisfies all four Wheeler requirements.

In his primary claim of sentencing error, Bates argues that the residual clause of U.S.S.G. § 4B1.2(a)(2) (2009) is invalid in light of Johnson and Dimaya, and that he did not otherwise qualify for the career-offender enhancement. The problem with this argument is two-fold. First, the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017) forecloses Bates' challenge to the residual clause of the career-offender provision. In Beckles, the Supreme Court declined to extend the reasoning in Johnson to the advisory Sentencing Guidelines, holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge and that § 4B1.2(a)'s residual clause is not void for vagueness." Beckles, 137 S. Ct. at 895. Thus, Bates' vagueness-based challenge does not fall within the scope of Johnson and Dimaya.

Additionally, because Bates was sentenced under the advisory Sentencing Guidelines, any challenge to the application of the career-offender provisions is "undoubtedly . . . bar[red]" by the Fourth Circuit's decision in United States v. Foote, 784 F.3d 931 (4th Cir. 2015). Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018); see also Kornegay v. Warden, FCI Butner, 748 F. App'x 513, 514 (4th Cir. 2019) (holding that Foote barred a § 2241 petition filed by a petitioner sentenced as a career offender under the advisory Sentencing Guidelines). In Foote, the Fourth Circuit "distinguished a misapplied career offender enhancement from fundamental defects such as 'sentences issued in excess of the maximum authorized by law.'" Lester, 909 F.3d at 715 (quoting Foote, 784 F.3d at 942). The Court concluded that the petitioner's claim that he was erroneously sentenced as a career offender under the advisory Sentencing Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice." Foote, 784 F.3d at 940. Because Bates was also sentenced under the advisory Sentencing Guidelines, he cannot meet all of the

requirements of the Wheeler test. Accordingly, the court lacks jurisdiction to consider whether Bates was properly sentenced as a career offender.

In his second claim of sentencing error, Bates contends that the Tennessee district court erred in imposing a special assessment of $400.00. However, Bates does not cite—and the court is unaware of—any change in the substantive law applicable to special assessments. The record confirms that Bates was convicted of four counts charged in the indictment, and, as the Fourth Circuit recently noted, "18 U.S.C. § 3013 imposes a special monetary assessment for each count of conviction." United States v. Charles, 932 F.3d 153, 160 (4th Cir. 2019) (emphasis omitted); see also 18 U.S.C. § 3013(a)(2)(A) (requiring a special assessment of $100 for a felony conviction). Consequently, this claim of sentencing error is not cognizable under § 2241. See Wheeler, 886 F.3d at 429.

## Conclusion

For the reasons stated, the court concludes that Bates' challenges to the validity of his federal sentence do not satisfy the requirements set forth in Wheeler, and are therefore not properly brought in a petition for writ of habeas corpus under § 2241. Accordingly, the court will grant the respondent's motion to dismiss and dismiss the petition without prejudice for lack of jurisdiction.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and all counsel of record.

DATED: This 19th day of February, 2020.

*/s/ Conrad*
Senior United States District Judge